JUDGE BUCHWALD

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

**10 CIV 0739**

ROGER DUGUAY,

Case No.

Plaintiff,

-against-

**COMPLAINT AND
JURY DEMAND**

THE CITY OF NEW YORK, F.J. SCIAME CONSTRUCTION
CO., INC., CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC., THE HALCYON CONSTRUCTION CORP.,

RECEIVED
FEB 01 2010
U.S.D.C. S.D.N.Y.
CASHIERS

Defendants.

------------------------------------------------------------------------X

Plaintiff ROGER DUGUAY, by his attorneys Cheriff & Fink, P.C., for his Complaint and Jury Demand,

respectfully alleges as follows:

## THE PARTIES

1.     At all relevant times, Plaintiff ROGER DUGUAY was and still is a resident of the State of

Massachusetts.

2.     Upon information and belief, at all relevant times, Defendant THE CITY OF NEW YORK ("City") has

been and still is a municipal corporation organized and existing under the laws of the State of New York with

its principal place of business in the State of New York.

3.     Upon information and belief, at all relevant times, Defendant F.J. SCIAME CONSTRUCTION CO.,

INC., was and still is a New York Corporation with its principal place of business in the State of New York.

4.     Upon information and belief, at all relevant times, Defendant CONSOLIDATED EDISON COMPANY

OF NEW YORK, INC. ("Con Ed"), was and still is a New York Corporation with its principal place of business

in the State of New York.

5.     Upon information and belief, at all relevant times, Defendant THE HALCYON CONSTRUCTION

CORP., was and still is a New York Corporation with its principal place of business in the State of New York.

## SUBJECT MATTER JURISDICTION

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of interest and costs and there is diversity of citizenship between the parties.

## IN PERSONAM JURISDICTION AND VENUE

7.      Plaintiff repeats each allegation contained in paragraphs 1-6.

8.      Upon information and belief, Defendants committed tortious acts within the State of New York and within the Southern District of New York.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (a) (2).

## FIRST CLAIM

10.     Upon information and belief, East 77th Street and Madison Avenue, New York, NY were and still are public streets in the City, County, and State of New York.

11.     Upon information and belief, Defendant City owned, maintained, controlled, and was responsible for the repair and maintenance of the public sidewalk, cross walk, and sewer drain at the northeast corner of East 77th Street and Madison Avenue, New York, NY. (the "Accident Location").

12.     Upon information and belief, on or before July 10, 2009, one or more of the defendants performed work at the Accident Location on behalf of Defendant City.

13.     Upon information and belief, prior to July 10, 2009, Defendant F. J. SCIAME CONTRUCTION CO., INC., had a permit to perform work at the Accident Location.

14.     Upon information and belief, prior to July 10, 2009, Defendant F. J. SCIAME CONTRUCTION CO., INC., its employees and/or agents performed work at the Accident Location.

15.     Upon information and belief, prior to July 10, 2009, Defendant Con Ed had a permit to perform work at the Accident Location.

16.     Upon information and belief, prior to July 10, 2009, Defendant Con Ed, its employees and/or agents performed work at the Accident Location.

17.    Upon information and belief, prior to July 10, 2009, Defendant THE HALCYON CONSTRUCTION CORP. had a permit to perform work at the Accident Location.

18.    Upon information and belief, prior to July 10, 2009, Defendant THE HALCYON CONSTRUCTION CORP., its employees and/or agents performed work at the Accident Location.

19.    On July 10, 2009, at approximately 5:10 p.m., Plaintiff ROGER DUGUAY was lawfully walking on the Sidewalk when he stepped off the sidewalk curb and into the cross walk at the Accident Location when, as a result of the negligence and carelessness of Defendants, their agents, employees, servants, and/or tenants, Plaintiff ROGER DUGUAY was caused to fall (the "Accident") as a result of stepping on an uneven, depressed, covered in debris, improperly designed and maintained condition with no warning signs whatsoever, (the "Dangerous Condition") and did sustain serious personal injuries (the "Injuries").

20.    Upon information and belief, Defendants, their agents, employees, agents and/or servants were negligent in the maintenance, design, construction, and/or control of the Dangerous Condition and in causing, permitting, and/or allowing the Accident Location to become and remain in a dangerous, defective, and trap-like condition, and in failing to properly warn of the Dangerous Condition.

21.    Upon information and belief, Defendants, their agents, employees, servants, or agents had actual knowledge and notice of the defective, dangerous, and/or trap-like area that comprised the Dangerous Condition, having created the condition and this condition having existed for a sufficient length of time prior to the Accident, and/or Defendants, their agents, employees, and/or servants, in the exercise of reasonable care and upon proper inspection, could have and should have had such notice and knowledge.

22.    As a result of the Accident, Plaintiff ROGER DUGUAY suffered serious personal injuries, some of which may be permanent; was caused to become and remain sick, sore, lame, and disabled; upon information and belief was and continues to be, compelled to obtain medical treatment for his Injuries in an effort to alleviate and/or cure some of the Injuries and disabilities; was and still is incapacitated from attending his usual duties, and was deprived of the emoluments derived therefrom; and was prevented from enjoying the normal fruits of his activities, all of which resulted in substantial monetary expense, loss, and injury.

23.     The Injuries and damages so sustained by Plaintiff ROGER DUGUAY were caused by reason of Defendants' negligence and were not caused by any want or lack of care or caution on the part of Plaintiff ROGER DUGUAY.

24.     By reason of the foregoing, Plaintiff ROGER DUGUAY has been damaged in the sum of Three Million Dollars.

**SECOND CLAIM AGAINST**
**DEFENDANT THE CITY OF NEW YORK**

25.     Plaintiff ROGER DUGUAY repeats and realleges the allegations in paragraphs 1 through 23.

26.     Upon information and belief, Defendant City, its agents, employees, and/or servants were negligent in the maintenance, design, construction, and/or control of the Accident Location and the Dangerous Condition in causing, permitting, and/or allowing the Accident Location to become and remain in a dangerous, defective, and trap-like condition.

27.     Upon information and belief, Defendant City, its agents, employees, and/or servants had actual prior written notice of the defective, dangerous, and/or trap-like condition.

28.     On or about September 30, 2009, and within ninety (90) days after his claim arose, Plaintiff served upon and filed with the Defendant City a written notice of his claim in duplicate sworn by him, and setting forth (a) the name and post office address of Plaintiff and his attorneys; (b) the nature of the claim; (c) the time when, the place where, and the manner in which the claim arose; and (d) the items of damages and injuries claimed to be sustained by him.

29.     Defendant City and its Comptroller have neglected and refused to adjust or pay Plaintiff's claims and more than thirty (30) days have elapsed since the presentation of Plaintiff's claims.

30.     On December 17, 2009, Plaintiff ROGER DUGUAY appeared for examination by Defendant City at a hearing demanded by Defendant City under the New York General Municipal Law.

31.     This action has been commenced against Defendant City within one year and ninety days after Plaintiff's claims arose.

32.     By reason of the foregoing, Plaintiff ROGER DUGUAY has been damaged in the sum of Three Million Dollars.

WHEREFORE, Plaintiff ROGER DUGUAY demands judgment, jointly and severally, against Defendant City on the First Claim in the sum of Three Million Dollars, on the Second Claim in the sum of Three Million Dollars, together with the costs and disbursements of this Action .

Dated:        New York, New York
              January 27, 2010

                                CHERIFF & FINK, P.C.


                                By:  Bruce J. Cheriff (BJC-2991)
                                Attorneys for Plaintiff
                                2 Rector Street – Suite 2104
                                New York, NY  10006
                                (212) 285-4100